IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| SHARON COHEN, As Legal Guardian of RUTH GORDON, | : | Case No. 05-61455-CIV-ALTONAGA Magistrate Judge: William C. Turnoff |
| Plaintiff, | : | |
| v. | : | |
| ROBERTA BINDERMAN and WILLIAM BINDERMAN, both as Husband and Wife, jointly and Individually and BANKUNITED FINANCIAL CORPORATION, A Florida Corporation, | : | |
| Defendants. | : | |



## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY RELATING TO STATEMENTS MADE BY DECEASED DECLARANT

Statements made by the deceased Louis Gordon to the Defendants relative to alleged "Medicaid Planning" should be excluded. Accordingly, Plaintiff Sharon Cohen as Legal Guardian of Ruth Gordon hereby moves *in limine* to exclude those statements and in support states:

### I.   BACKGROUND

1.   Plaintiff has brought this action for violation of the Florida Civil Theft Act, Fla. Stat. 772.11 (Count I), Replevin of the 1998 Nissan (Count II) and Tortious Interference with an Expectancy of Inheritance (Count III).

2.   Louis Gordon and Ruth Gordon jointly held accounts at BankUnited Financial Corp. ("Bank") numbered (a) 027-5002314 and (b) 027-5003779 ("Marital Accounts").



3. Defendant, Roberta Binderman was the daughter of Mr. Gordon and is married to Defendant, William Binderman.

4. On October 21, 2004, William Binderman, purportedly pursuant to the Power of Attorney for Louis Gordon retitled the Marital Accounts to reflect "Louis Gordon in trust for Roberta Binderman". (Depo. W. Binderman 152:13-16)

5. Louis Gordon died on October 24, 2004.

6. Prior to his death, Louis Gordon retained the law firm Franco, Wallace & Packer to plan for the Medicaid of his wife, Ruth Gordon.

7. Scott Wallace, Esq. of Franco, Wallace & Packer advised Mr. Gordon about options with respect to the titling of the Marital Accounts, among other things. (Depo. S. Wallace, 164:2-17 and *passim*)

8. Scott Wallace, Esq. testified that following his discussion with Mr. Gordon regarding his options as to "Medicaid Planning" that he never gave him "an indication of what his choices were." (Depo. S. Wallace 174:21-175:7)

9. Upon Mr. Gordon's death Roberta Binderman withdrew the funds in the re-titled Marital Accounts and opened up a new bank. (Depo. W. Binderman 162:13-17)

## II. MEMORANDUM OF LAW

**The Self-Serving Hearsay Statements Relative to Re-titling the Marital Accounts and Disposal or Sale of Assets Purportedly Made by the Deceased, Louis Gordon, to the Defendants Should Be Excluded.**

It is well-settled that "[h]earsay is defined as 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted,' and generally is not admissible unless it falls under an exception to the hearsay

rule." Watkins v. Southeastern Newspapers, Inc., 163 Fed. Appx. 823 (11th Cir. 2006); Fed. R. Evid. 801 and 802.

Defendants have alleged that their actions of re-titling the joint marital accounts between Louis Gordon and Ruth Gordon, the sale of the 1998 Nissan and the removal and purchase of the furnishings, ring, watches and personal effects of Louis Gordon were to effect "Medicaid Planning" for Ruth Gordon. [Depo. W. Binderman, *passim* and Depo. R. Binderman, *passim*]. The only person to whom Mr. Gordon allegedly conveyed his desire to re-title the Marital Account to an account held in trust for Roberta Binderman was William Binderman. (Depo. W. Binderman153:16-24)  Thus, the re-titling of the Marital Account stood to benefit the Defendant, Roberta Binderman and by association, Defendant William Binderman.

Any testimony by the Defendant, Bindermans relative to the re-titling of the Marital Accounts and the sale or disposal of Mr. Gordon's personal effects and estate should be excluded; especially since "[t]here is no way for [Plaintiff] to verify the accuracy of the testimony or of the out-of-court statements that the testimony reports, and the reliability of the testimony cannot be taken for granted." Herzog v. Castle Rock Entertainment, 193 F. 3d 1241, 1254 (11th Cir. 1999); Herzog v. Castle Rock Entertainment 1998 U.S. Dist. LEXIS 22503 (SD Fla. 1998)(Middlebrooks, J.)(same, affirmed by the Eleventh Circuit).  Similarl to the issues facing the court in Herzog, the statements by the deceased, Louis Gordon are not admissible "simply because Mr. [Gordon] is now deceased." Id. (citing, Rock v. Huffco, 922 F.2d 272, 282 (5th Cir. 1991)(affirmed exclusion of decedent's hearsay statements); see also Williams v. Consolidated City of Jacksonville, 2006 U.S. Dist. LEXIS 8257 (February 8, 2006)(granted motion in limine to exclude hearsay statements by wife of deceased "concerning the operative facts giving rise to th[e] action.")

In this case, the Defendants directly stand to benefit from the alleged statements made by Mr. Gordon to re-title the Marital Accounts and clearly have an interest in the outcome of this case. Thus, there is no indicia of reliability to those statements and as in Williams, these statements concern the "operative facts giving rise to this action." Id. Furthermore, these statements will certainly cause juror confusion and prejudice to the Plaintiff as the declarant (Mr. Gordon) is now deceased and his wife (Ruth Gordon) lacks any capacity to testify.

Accordingly, the testimony by Defendants as to hearsay statements made by the deceased Louis Gordon as to the issues giving rise to this lawsuit should be excluded.

### III. CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion in Limine and Prohibit Defendants from presenting any evidence relative to statements allegedly made by Louis Gordon concerning the re-titling of bank accounts or the disposal and/or sale of his assets.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail on this 26th day of July 2006 upon: William Xanttopoulos, Esq., Walton Lantaff Schroeder & Carson LLP, 9350 S. Dixie Hwy, Suite 1000, Miami, FL 33156-2951

SCHNALL & CADOGAN, PL
Counsel for Plaintiff
101 NE Third Ave., Suite 1500
Ft. Lauderdale, FL 33301
Tel: 954.768.1946
Fax: 954.768.1947
<gcadogan@sclawfirm.net>

GINA MARIE CADOGAN, Esq.
Fla. Bar: 177350

In this case, the Defendants directly stand to benefit from the alleged statements made by Mr. Gordon to re-title the Marital Accounts and clearly have an interest in the outcome of this case. Thus, there is no indicia of reliability to those statements and as in <u>Williams</u>, these statements concern the "operative facts giving rise to this action." <u>Id.</u> Furthermore, these statements will certainly cause juror confusion and prejudice to the Plaintiff as the declarant (Mr. Gordon) is now deceased and his wife (Ruth Gordon) lacks any capacity to testify.

Accordingly, the testimony by Defendants as to hearsay statements made by the deceased Louis Gordon as to the issues giving rise to this lawsuit should be excluded.

### III. CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion in Limine and Prohibit Defendants from presenting any evidence relative to statements allegedly made by Louis Gordon concerning the re-titling of bank accounts or the disposal and/or sale of his assets.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail on this 26th day of September 2006 upon: William Xanttopoulos, Esq., Walton Lantaff Schroeder & Carson LLP, 9350 S. Dixie Hwy, Suite 1000, Miami, FL 33156-2951

> SCHNALL & CADOGAN, PL
> Counsel for Plaintiff
> 101 NE Third Ave., Suite 1500
> Ft. Lauderdale, FL 33301
> Tel: 954.768.1946
> Fax: 954.768.1947
> <gcadogan@sclawfirm.net>
>
> _____
> GINA MARIE CADOGAN, Esq.
> Fla. Bar: 177350