UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 05-61455-CIV-ALTONAGA/Turnoff

**RUTH GORDON**,

    Plaintiff,

vs.

**ROBERTA BINDERMAN** and
**WILLIAM BINDERMAN**, both
as Husband and Wife, jointly and
individually,

    Defendants.
_____/

### ORDER

**THIS CAUSE** came before the Court on Plaintiff's Motion *In Limine* to Exclude Testimony Relating to Statements Made by Deceased Declarant [D.E. 91], filed on September 26, 2006. Plaintiff asserts that Defendants should be precluded from offering statements made by Louis Gordon, who is deceased, regarding the disposition of certain of Plaintiff's assets. Plaintiff argues that such statements constitute inadmissible hearsay and must be excluded. Defendants maintain that the statements they plan to introduce at trial would not be offered for their truth and are therefore not hearsay and not subject to exclusion under the hearsay rules.

It is not immediately apparent from Plaintiff's Motion which particular statements she seeks to exclude. The parties focus their arguments, however, on alleged statements made by Mr. Gordon instructing his son-in-law, Defendant William Binderman, to transfer funds from his joint bank

**CASE NO. 05-61455-CIV-ALTONAGA/Turnoff**

accounts with Plaintiff into alternative bank accounts.[1]  Such statements, the parties appear to agree, are directly relevant to the Defendants' "Medicaid and Estate Planning" defense, which was the subject of the Court's August 24, 2006 Order [D.E. 85].

Hearsay statements are excluded from evidence unless they satisfy one of the exceptions and exemptions set forth in the Federal Rules of Evidence or relevant case law.  *See* Fed. R. Evid. 801-807.  Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).  A statement, therefore, is not hearsay if it is not offered to prove the truth of what was asserted in the statement.  *See*, *e.g.*, *United States v. Tokars*, 95 F.3d 1520, 1535-36 (11th Cir. 1996) (holding that particular statements were properly offered into evidence where they were not offered to prove the truth of the contents of the statements).

In the present case, any instructions given by Mr. Gordon to Mr. Binderman regarding the disposition of assets would not be offered to prove the truth of the *contents* of Mr. Gordon's instructions, but instead that the instructions were actually given, a fact relevant to the Bindermans' defense.  It is well-settled that under these circumstances, the statements do not constitute hearsay and are thus not excludable under the hearsay rules.  *See United States v. Shepherd*, 739 F.2d 510, 514 (10th Cir. 1984) ("An order or instruction is, by its nature, neither true nor false and thus cannot be offered for its truth.  The orders or instructions were offered to show that they occurred rather than to prove the truth of something asserted.") (citations omitted).

---

[1] This Order addresses only the alleged instructions given by Mr. Gordon to Mr. Binderman.  To the extent that Plaintiff seeks to exclude any other statements made by Mr. Gordon, she may raise such objection at trial.

CASE NO. 05-61455-CIV-ALTONAGA/Turnoff

Plaintiff asserts that she is unable to verify that Mr. Gordon actually gave the instructions claimed or that the Defendants may have fabricated the statements. These assertions go the weight of the evidence, not its admissibility, and are proper subjects for cross-examination and argument at trial; they do not support Plaintiff's claim that the alleged statements should be excluded.[2] Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion *in Limine* to Exclude Testimony Relating to Statements Made by Deceased Declarant **[D.E. 91]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 19th day of October, 2006.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
(1)   Magistrate Judge William C. Turnoff
(2)   All counsel of record

---

[2] Plaintiff also asserts that introduction of the statements will cause juror confusion, an apparent attempt to raise Federal Rule of Evidence 403 as a basis for exclusion of the statements. Plaintiff does not cite to any authority to support this argument. Because any alleged instructions given by Mr. Gordon to Defendants are directly relevant to the defenses in this case and are not "substantially outweighed" by the danger of undue prejudice or jury confusion, as is required for exclusion under Rule 403, Plaintiff's argument is not well-taken.